UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Lindsey Harrison** on behalf of herself and all other persons similarly situated, known and unknown,<br><br>                  Plaintiffs,<br><br>vs.<br><br>**DenOne, LLC.**, an Ohio corporation; and **Erick Martinez.**<br><br>                  Defendants. | No. _____<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Lindsey Harrison ("Plaintiff"), on behalf of herself and all other persons similarly situated who are current or former servers of Defendants ("Collective Members") and by and through the undersigned attorney(s), sue the Defendants, DenOne, LLC ("Defendant DenOne"); and Erick Martinez ("Defendant Martinez") (collectively, "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

2. Defendants own and operate a chain of Denny's restaurants which are the subject of this lawsuit.

3. Defendants have a policy or practice of paying their employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA.

4. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations. But an employer is *not* permitted to take a tip credit against its minimum wage obligations in any of the following circumstances: (1) when it fails to inform tipped employees of the provisions of the tip-credit subsection of the FLSA; (2) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs"); and (3) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek. *See, e.g.,* 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection"); *Driver v. Apple Illinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work"); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

5. Defendants violated the FLSA by paying servers sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA.

6. Defendants violated the FLSA by enforcing a policy or practice of paying servers sub-minimum, tip-credit wages even when they required those employees to perform non-tipped work that is *unrelated* to their tipped occupation (i.e., "dual jobs").

7. Defendants violated the FLSA by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was related to their tipped occupation, exceeded 20 percent of their time worked in one or more individual workweeks.

## JURISDICTION AND VENUE

8. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and Collective Members occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

11. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

12. Plaintiff Lindsey Harrison is an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendants.

13. Plaintiff Lindsey Harrison was employed as a server at Defendants' Denny's locations in Brook Park and North Olmsted, Ohio at various times from approximately March 11, 2015 through approximately September 29, 2016.

14. At all material times, Plaintiff Lindsey Harrison was paid by Defendants as a tipped employee under the FLSA.

15. Defendants employed Plaintiff Lindsey Harrison to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

16. At all material times, Plaintiff Lindsey Harrison was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

17. Plaintiff has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

18. At all material times, DenOne, LLC was a corporation duly licensed to transact business in the State of Ohio.

19. Defendant DenOne, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

20. Defendant DenOne, LLC is owned and/or operated, in whole or in part, by Defendant Erick Martinez.

21. Defendant DenOne, LLC is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

22. Defendant Martinez is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

**DEFENDANTS ARE A "SINGLE ENTERPRISE" AND "SINGLE EMPLOYER"**

23. Defendants own and operate a chain of franchised Denny's restaurants.

24. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Denny's restaurants.

25. Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned Denny's restaurants.

26. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

27. Defendants run each Denny's restaurant identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

28. Defendants share employees between restaurant locations.

29. Defendants share common management between restaurant locations. The Rockne's restaurants share common human resources and payroll services.

30. Defendants use the trade name "Denny's" at their Denny's restaurant locations.

31. Defendants advertise together on the same website.

32. Defendants provide the same array of products and services to their customers at their Denny's restaurant locations.

33. This chain of restaurants provides the same service product to its customers by using a set formula when conducting its business.

34. Part of that set formula is the wage violations alleged in this complaint.

## STATEMENT OF FACTS

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. Plaintiff was hired by Defendants to perform labor at Defendants' restaurants.

37. Plaintiff, in her work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

38. Plaintiff was employed by Defendants as a server.

39. Defendants paid Plaintiff a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the FLSA.

6

40. Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA.

41. Defendants regularly and frequently required Plaintiff to perform a number of non-tipped duties unrelated to their tipped occupations, including but not limited to: taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, breaking down and cleaning the expo line, and cleaning and restocking restrooms.

42. Defendants paid Plaintiff a sub-minimum wage for all hours that Plaintiff worked for Defendants, including the periods during which Plaintiff was performing non-tipped duties.

43. Defendants regularly and frequently required Plaintiff to perform a number of non-tipped duties related to her tipped occupation, including but not limited to: preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, wiping down tables, setting tables, busing tables, cutting and stocking fruit, stocking ice, restocking to-go supplies and restocking all stations.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff realleges and incorporate by reference all allegations in all preceding paragraphs.

45. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

46. Plaintiff asserts those claims on behalf of herself, and on behalf of all similarly situated tipped employees employed by Defendants, who were not paid all

7

compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

47. Plaintiffs seek to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendants in the job position of server and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than $8.30, excluding tips).**

48. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff's and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendants within three years from the filing of this Complaint.

49. Upon information and belief, Defendants have employed hundreds of tipped employees during the period relevant to this action.

50. The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

51. Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of

this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

52. Collective adjudication is appropriate in this case because the tipped employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff was subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFFS

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants did not inform Plaintiff and the Collective Members of the provisions of the "tip credit" in 29 U.S.C. § 203(m).

55. As a result, Defendants were not entitled to take a tip credit against Plaintiff's and the Collective Member's minimum wages.

56. Defendants failed and/or refused to pay Plaintiff and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

57. As such, full applicable minimum wage for such time Plaintiff and the Collective Members worked is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

58. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Member the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

59. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Lindsey Harrison, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT "DUAL JOBS"

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

10

61. Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendants, to perform non-tipped labor unrelated to their tipped occupation over the course of their regular workweek, while paying Plaintiff and the Collective Members at the tip credit rate.

62. Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendants, to perform non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of their regular workweek, while paying Plaintiff and the Collective Members at the tip credit rate.

63. Defendants failed and/or refused to pay Plaintiff and the Collective Members the full applicable minimum wage according to the provisions of the FLSA for time they spent performing non-tipped labor related to their tipped occupation, despite requiring them to perform such work in excess of twenty percent (20%) of a given workweek, for each and every workweek that Plaintiff and the Collective Members were employed by Defendants, in violation of 29 U.S.C. § 206(a).

64. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum

wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

65. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Lindsey Harrison, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Member's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this July 17, 2018.

> THE BENDAU LAW FIRM, PLLC
>
> By: /s/ *Clifford P. Bendau, II*
> Clifford P. Bendau, II (OH No. 089601)
> Christopher J. Bendau (*pro hac vice pending*)
> THE BENDAU LAW FIRM PLLC
> P.O. Box 97066
> Phoenix, Arizona 85060
> Telephone AZ: (480) 382-5176
> Telephone OH: (216) 395-4226
> Email: cliffordbendau@bendaulaw.com
>
> THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 89483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com